**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHERI CLARKE, JAY VYAS, AND BRITTANY FERGUSION, *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs <br><br> v. <br><br> AVEDA CORPORATION, <br><br> Defendant | Case No. 21-4185 |

## NOTICE OF REMOVAL

Defendant Aveda Corporation ("Aveda"), by counsel and pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, hereby removes to the United States District Court for the Northern District of Illinois the action commenced against Aveda in the Circuit Court of Cook County, Illinois. Aveda states the following grounds in support of removal.

### I. PROCEDURAL HISTORY AND PLAINTIFFS' ALLEGATIONS

1.      On July 1, 2021, Plaintiffs Cheri Clarke, Jay Vyas, and Brittany Ferguson ("Named Plaintiffs") instituted this action by filing a Complaint styled *Cheri Clarke, Jay Yvas, and Brittany Ferguson individually and on behalf of all others similarly situated v. Aveda Corporation*, Case No. 2021CH03244 in the Circuit Court of Cook County, Illinois.

2.      The Named Plaintiffs allege that Aveda violated the Illinois Biometric Information Act ("BIPA" or "the Act") through its "virtual try on" platform.  Specifically, the Named Plaintiffs appear to allege violations of Sections 15(a) and 15(b) of the Act.[1]

---

[1] Count I alleges a violation of Section 15(a); Count II alleges a violation of Section 15(b); and although Count III refers to Section 15(d) in the heading, the text below is identical to Count II and does not reference Section 15(d).

3.     Named Plaintiffs bring this action as a putative class action, on behalf of the following individuals (the "Putative Class"):

> All individuals who, while residing in the State of Illinois, had their facial geometry collected, captured, received or otherwise obtained and/or stored by [Aveda].  Ex. 1 ¶ 46.

## II. VENUE IS PROPER AND SUBJECT MATTER JURISDICTION EXISTS IN THIS COURT

4.     Aveda removes this action pursuant to 28 U.S.C. §§ 1332(a), 1367(a), 1441(a), and 1446.

5.     The United States District Court for the Northern District of Illinois embraces Cook County, Illinois.  Removal to this Court is therefore proper under 28 U.S.C. § 1441(a).

## A. This Court has subject matter jurisdiction under the Class Action Fairness Act.

6.     Pursuant to the Class Action Fairness Act ("CAFA"), federal courts have diversity jurisdiction over a class action if: (a) it involves 100 or more putative class members; (b) any class member is a citizen of a state different from any defendant; and (c) the aggregated amount in controversy exceeds $5,000,000.00, exclusive of interests and costs.  *See* 28 U.S.C. § 1332(d).

7.     The Putative Class includes more than 100 members.  Named Plaintiffs brings this matter on behalf of all Illinois residents who have ever used Aveda's "virtual try on" platform. *See* Ex. 1 ¶ 46.  Aveda's "virtual try on" platform has been accessed more than 7 million times from unique Illinois-based domains.  The Putative Class, then, likely includes more than 100 members.

8.     Minimal diversity, as required by 28 U.S.C. § 1332(d)(2)(A), exists.   CAFA only requires that "any member of a class of plaintiffs . . . be a citizen of a State different from any Defendant."  28 U.S.C. § 1332(d)(2)(A).

2

9.      The Putative Class includes only residents, and thus citizens, of Illinois.  Ex. 1 ¶ 46.  Thus, at least one member of the Putative Class is a citizen of Illinois.

10.      Aveda is a corporation organized under the laws of Delaware with its principal place of business in Minnesota.  Thus, pursuant to 28 U.S.C. § 1332(c), Aveda is a citizen of Delaware and Minnesota.

11.      Because Aveda and at least one putative class member are citizens of different states, sufficient diversity exists under CAFA.

12.      An aggregate $5,000,000.00 amount in controversy as required by 28 U.S.C. § 1332(d)(2) exists.

13.      Named Plaintiffs seek $1,000.00 from Aveda for each negligent BIPA violation and $5,000.00 for each intentional or reckless violation.  *See* Ex. 1 ¶¶ 58, 68.

14.      Named Plaintiffs allege that Aveda violated BIPA each time its "virtual try on" platform was used.  *See* Ex. 1 ¶¶ 38–40..

15.      Aveda's "virtual try on" platform has been accessed more than 5 thousand times from unique Illinois-based domains.

16.      Thus, even using minimum damages of $1,000.00 per alleged violation each time the platform was used, the amount in controversy exceeds $5,000,000.00 exclusive of interests and costs.  This satisfies CAFA's requirements.

17.      Because the Putative Class includes 100 or more members, at least one of those Putative Class members is diverse from Aveda, and the amount in controversy exceeds $5,000,000.00, this Court has jurisdiction under CAFA.

**B. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332 and 1367**

18.     Alternatively, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(3) over the claims of the Named Plaintiffs and pursuant to 28 U.S.C. § 1367 over the claims of the Putative Class.

19.     District courts have jurisdiction over suits between "citizens of different States and in which citizens or subjects of a foreign state are additional parties" and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(3).

20.     Upon information and belief, Plaintiff Cheri Clarke is a citizen of Illinois.  *See* Ex. 1 ¶ 18.

21.     Upon information and belief, Plaintiff Brittany Ferguson is a citizen of Illinois.  *See* Ex. 1 ¶ 20.

22.     Upon information and belief, Plaintiff Jay Vyas is a permanent legal resident and is thus not a citizen of any state, but rather his home state, for purposes of diversity jurisdiction. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126–27 (2d Cir. 2020) (holding that a lawful permanent resident is not a citizen of any state, but rather his home state, for purposes of diversity jurisdiction).[2]

23.     The citizenship of any potential class members in a putative class action is disregarded when determining whether complete diversity exists.  See Snyder v. Harris, 394 U.S. 332, 340 (1969).

---

[2] *Tagger* is an interpretation of 28 U.S.C. § 1332 after it was amended in 2011.  *See* 951 F.2d at 126.  We have not located an interpretation of the amended law by the Seventh Circuit. Under a prior version of the law, however, the Seventh Circuit ruled that a permanent legal resident is both a citizen of his domicile state and home country for purposes of diversity jurisdiction.  *See Intec USA, LLC v. Engle*, 467 F.3d 1038, 1042–43 (7th Cir. 2006).  If *Intec* survived section 1332's amendment, then Vyas is a citizen of Illinois under *Intec*.  In which case, subject matter jurisdiction is proper for the Named Plaintiffs' claims under 28 U.S.C. § 1332(a)(1) instead of section 1332(a)(3) as a suit between citizens of different states.

24.     Aveda is a corporation organized under the laws of Delaware with its principal place of business in Minnesota.  Thus, pursuant to 28 U.S.C. § 1332(c), Aveda is a citizen of Delaware and Minnesota.

25.     This matter is thus a suit between citizens of different states—Plaintiffs Cheri Clarke and Brittany Ferguson are citizens of Illinois, and Aveda is a citizen of Delaware and Minnesota—in which a citizen or subject of a foreign state is an additional party: Jay Yvas is a citizen of his home country.

26.     The claims of all three Named Plaintiffs satisfy the amount in controversy requirement.

27.     Plaintiffs seek $1,000.00 from Aveda for each negligent BIPA violation and $5,000.00 for each intentional or reckless violation.  *See* Ex. 1 ¶¶ 58, 68.

28.     Plaintiffs allege that Aveda violated BIPA each time its "virtual try on" platform was used.  *See* Ex. 1 ¶¶ 38–40.

29.     Aveda's "virtual try on" platform has been accessed more than 7 million times from unique Illinois-based domains.

30.     Plaintiffs allege that Aveda committed several violations of BIPA each time the "virtual try on" platform was used, although the specific number is not stated.  See Ex. 1 ¶¶ 52–53 (alleging that Aveda failed to "make publicly available a written policy" and failed to "adhere" to that policy in violation of BIPA); Ex. 1 ¶¶ 60–61 (alleging that Aveda failed to inform the plaintiff of collection; failed to inform the plaintiff of the term and purpose of collection; and failed to obtain a written release in violation of BIPA).  This suggests up to five violations, or $25,000.00 in damages, each time a Named Plaintiff used the "virtual try on" platform.

31.     Although the complaint does not include meaningful Named Plaintiff-specific allegations, it clearly speaks in terms of multiple alleged violations by BIPA.  Because the claims appear to allege up to $25,000.00 in damages for each use of the "virtual try on" platform, the amount in controversy likely exceeds $75,000.00, exclusive of interests and costs for each Named Plaintiff.

32.     Thus, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) over the Named Plaintiffs claims.

33.     This Court has jurisdiction over the claims of the Putative Class[3] pursuant to its supplemental jurisdiction under 28 U.S.C. § 1367(a) because the Court has original jurisdiction over the claims of the Named Plaintiffs, and the claims of the Putative Class are part of the same case or controversy.

34.     This Court has original jurisdiction over the claims of the Named Plaintiffs pursuant to 28 U.S.C. § 1332(a).  See ¶¶ 18–32.

35.     The claims of the Putative Class arise out of the same common nucleus of operative fact as those of the Named Plaintiffs and thus amount to the same case or controversy.

36.     Named Plaintiffs and the Putative Class make the same allegations: that Aveda violated BIPA through its use of a "virtual try on" platform.  Compare Ex. 1 ¶¶ 1–45 (Named Plaintiff's allegations) with Ex. 1 ¶ 46–50 (class allegations).

37.     The Complaint includes three counts, which the Named Plaintiffs and the Putative Class join in full.  Ex. 1 ¶¶ 58, 68, 78.

---

[3] Federal courts can exercise their supplemental jurisdiction authority over the claims of putative class members who do not meet the amount in controversy requirement of 28 U.S.C. § 1332(a).  *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

38.     The claims of the Putative Class thus arise out of the same common nucleus of operative fact as the claims of the Named Plaintiffs.

39.     This action does not involve "claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules."  28 U.S.C. § 1367(b).

40.     This Court should not decline jurisdiction under 28 U.S.C. 1367(c).

41.     Thus, this Court has jurisdiction over this matter pursuant to its diversity jurisdiction and supplementary jurisdiction.

### III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

42.     Aveda is the only defendant.

43.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within 30 days of service of the Complaint to Aveda, as Aveda was served on July 7, 2021.

44.     Defendant will promptly file a removal notice, together with a copy of the instant Notice of Removal, with the Clerk of the Circuit Court of Cook County, Illinois, in accordance with 28 U.S.C. § 1446(d), and will serve written notice of the same on all counsel of record.

45.     True and correct copies of all process, pleadings, and orders served on Aveda in the action pending in the Circuit Court of Cook County, Illinois

- A copy of the Complaint, filed on July 1, 2021 (Exhibit 1);

- A copy of the Summons (Exhibit 2);

- A copy of the Motion for Class Certification (Exhibit 3);

- A copy of the civil cover sheet filed in state court (Exhibit 4);

- A copy of the Rule 222(b) Affidavit (Exhibit 5).

7

WHEREFORE, Aveda requests that this Court assume jurisdiction over this action from the Circuit Court of Cook County, Illinois, and that this action proceed as removed to this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446.

Respectfully submitted this 5th day of August 2021.


*/s/ Torsten M. Kracht*
Torsten M. Kracht
N.D. Ill. Bar No. 501905
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Ave. NW
Washington, DC 20037
(202) 419 – 2149
tkracht@HuntonAK.com

Julie B. Porter
Sarah Backer
SALVATORE PRESCOTT PORTER & PORTER PLLC
1010 Davis Street
Evanston, Illinois 60201
(312) 283-5711
porter@spplaw.com

**Attorneys for Aveda Corp.**

8

## CERTIFICATE OF SERVICE

On August 5, 2021, I electronically submitted the foregoing **NOTICE OF REMOVAL** document with the clerk of court for the United States District Court for the Northern District of Illinois, using the electronic case filing system of the court.  I hereby certify that I have served all documents required to be served upon counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Torsten M. Kracht*
Torsten M. Kracht
N.D. Ill. Bar No. 501905
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Ave. NW
Washington, DC 20037
(202) 419 – 2149
tkracht@HuntonAK.com