UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHERI CLARKE, JAY VYAS, AND BRITTANY FERGUSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AVEDA CORPORATION,<br><br>Defendant. | Case No. 21-cv-04185<br><br>Judge Mary M. Rowland |

## ORDER

Plaintiffs Cheri Clarke, Jay Vyas, and Brittany Ferguson bring this putative class action complaint, individually and on behalf of all other similarly situated persons (collectively, "Plaintiffs"), against defendant Aveda Corporation ("Aveda"). Plaintiffs allege three separate violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILL. COMP. STAT. 14 §§ 1–99. Aveda moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). [33]. For the reasons stated herein, Aveda's motion to dismiss is granted without prejudice.

I.  Background

Plaintiffs used Aveda's Virtual Hair Color Tool's "Try-On" feature in May 2020.[1] [3-1] ¶¶ 9–10, 26, 36. The "Try-On" feature allowed users to visualize what they would look like with different hairstyles or hair colors. *Id.* ¶¶ 9–10, 26, 37. This feature required users to upload a photo to Aveda's application or allow Aveda to access their live camera; Aveda then scanned, collected, and stored the users' facial geometry. *Id.* Plaintiffs' complaint asserts claims for: failing to institute, maintain, and adhere to publicly available retention schedule and destruction guidelines in violation of 740 ILL. COMP. STAT. § 14/15(a) (Count I); failing to obtain informed written consent and release before collecting or obtaining biometric identifiers or information in violation of 740 ILL. COMP. STAT. § 14/15(b) (Count II); and disclosing or disseminating biometric identifiers and information before obtaining consent in violation of 740 ILL.

---

[1] The following factual allegations taken from the operative complaint ("Compl.") [3-1] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

1

COMP. STAT. § 14/15(d) (Count III). *Id.* ¶¶ 51–78. Aveda has moved to dismiss the complaint in full. [33].

## II. Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). Detailed factual allegations are not needed but the standard "require[s] 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)). Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

## III. Analysis

Aveda argues the complaint should be dismissed in full because any collection of data by Aveda does not constitute biometric identifier or biometric information under BIPA without allegations that Aveda was capable of identifying individuals who used the Virtual Hair Color Tool. [34] at 4–7. The Court agrees.

BIPA prohibits private entities from gathering or using "biometric identifier[s]" or "biometric information" without notice and consent. 740 ILL. COMP. STAT. 14/15. A "[b]iometric identifier" is "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILL. COMP. STAT. 14/10. "Biometric identifiers do not include writing samples, written signatures, photographs, human biological samples used for valid scientific testing or screening, demographic data, tattoo descriptions, or physical descriptions such as height, weight, hair color, or eye color." *Id.* "Biometric information" is "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier" but "does not include information derived from items or procedures excluded under the definition of biometric identifiers." *Id.* Biometric information is information "based on an individual's biometric identifier *used* to identify an individual." *Id.* (emphasis added). Conversely, as Plaintiffs acknowledge, a biometric identifier is a unique personal

2

feature that "*can be used* to identify a[n] … individual." [39] at 3 (emphasis added) (citing *Carpenter v. McDonald's Corp.*, 580 F. Supp. 3d 512, 515 (N.D. Ill. 2022).

The Courts finds that Plaintiffs' complaint contains *no plausible allegations* that Aveda's "collection of their biometric data made [Aveda] capable of determining their identities." *Daichendt v. CVS Pharmacy, Inc.*, No. 1:22-cv-3318, 2022 WL 17404488, at *5 (N.D. Ill. Dec. 2, 2022) ("*Daichendt I*") (cleaned up). In *Daichendt I*, the plaintiffs alleged that CVS violated BIPA by collecting biometric data with a passport photo system used at its stores when CVS employees took a photo with a digital camera and then used the system to scan the digital image for biometric identifiers. *Id.* at *1. The court in *Daichendt I* granted defendant's motion to dismiss because "Plaintiffs [did] not allege that they provided defendant with any information, such as their names or physical or email addresses, that could connect the voluntary scans of face geometry with their identities." *Id.* at *5. After *Daichendt I*, plaintiffs filed an amended complaint alleging that they had "entered their names, email addresses, and phone numbers into a computer terminal inside [CVS's] stores prior to" having their facial geometries purportedly scanned by CVS's passport photo system. *Daichendt v. CVS Pharmacy, Inc.*, No. 1:22-cv-3318, 2023 WL 3559669, at *1 (N.D. Ill. May 4, 2023) ("*Daichendt II*"). The court in *Daichendt II* held that plaintiffs "plausibly allege[d] that defendant collected and stored their personal contact data ('real-world identifying information'), such as their names and email addresses, which made [CVS] capable of identifying them when associated with scans of their face geometry ('biometric identifiers')." *Id.*

More recently, in *Bell v. Petco Animal Supplies Stores, Inc.*, No. 1:22-cv-06455 (N.D. Ill. May 11, 2023) (Dkt. 23), which involved alleged collection of voiceprints, the court distinguished *Daichendt I* because the defendant "had access to [plaintiffs'] names and to the patterns of their voices, such that it's reasonable to infer that defendant (or someone else) who gained access to the data derived from plaintiffs' voices could have used it to identify them." *Id.* at 4 n.6. Here, Plaintiffs allege that Aveda, through its "Try-On" feature, "scanned and collected, and then stored … digital copies of each [Plaintiffs'] facial geometry," but unlike the plaintiffs in *Daichendt II* and *Bell*, they provide no allegations demonstrating Aveda was capable of identifying them from this data. Compl. ¶ 25.[2] In sum, "[P]laintiffs have failed to

---

[2] Plaintiffs cite two out-of-district opinions that are distinguishable. First, in *Melzer v. Johnson & Johnson Consumer Inc.*, No. CV223149, 2023 WL 3098633, *1 (D.N.J. Apr. 26, 2023), the court denied defendant's motion to dismiss where plaintiffs alleged that the "biometric data [collected] is tied to individuals' names, birthdates, and other personally identifying information." Second, in *Powell v. Shiseido Americas Corp.*, No. 21-CV-2295, 2022 WL 19914948, at *6 (C.D. Ill. Aug. 22, 2022), the court observed that the defendant did "not seem to make an argument that … the [makeup virtual try-on technology at issue] does not capture or collect biometric identifiers," therefore the court did not consider if the technology was capable of identifying users.

3

plead the most foundational aspect of a BIPA claim." *Daichendt I*, 2022 WL 17404488, at *5.

### IV. Conclusion

For the reasons stated above, the court grants Aveda's motion to dismiss [33] Plaintiffs' complaint in its entirety.[3] The dismissal is without prejudice. If Plaintiffs wish to file an amended complaint, they must do so by December 18, 2023.

E N T E R:

Dated: December 1, 2023

MARY M. ROWLAND
United States District Judge

---

[3] Plaintiffs concede they failed to properly plead that Aveda improperly disclosed biometric data in Count III. [39] at 14.